IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION

**AMENDED**
COMPLAINT

FRANCIS ORAN, Plaintiff

vs.

MARSHALL KAUFFMAN, individually and as owner of KING'S PROMOTIONS;
KING'S PROMOTIONS, INC., a Pennsylvania corporation;
PENNSYLVANIA STATE ATHLETIC COMMISSION (SAC);
EDWARD KUNKLE, individually and as Executive Director of the
Pennsylvania State Athletic Commission;
MARTHA BROWN, individually and as official of the
Pennsylvania State Athletic Commission;
and REGINALD R. PEOPLES SR. / RWB SPORTS TV,
Defendants

*Filed Pro Se pursuant to Fed. R. Civ. P. 11. Plaintiff reserves the right to amend this Complaint.*

## I. PARTIES

1. Plaintiff Francis Oran is an adult professional boxer residing at 511 W. Turner St, Allentown, PA 18102, Lehigh County, Pennsylvania. Plaintiff is licensed by the Pennsylvania State Athletic Commission as a professional boxer, license number PA-860981.

2. Defendant Marshall Kauffman is the owner of King's Promotions and resides at 440 Elm St, Reading, PA 19601. Kauffman is a Pennsylvania-licensed boxing promoter who operates events in Lehigh County and surrounding areas.

3. Defendant King's Promotions, Inc. is a Pennsylvania corporation with its principal place of business at 440 Elm St, Reading, PA 19601, and conducts business in Lehigh County and surrounding areas.

4. Defendant Pennsylvania State Athletic Commission (SAC) is a state regulatory agency located at 2525 N. 7th Street, Harrisburg, PA 17110, responsible for regulating professional boxing events in Pennsylvania. The SAC is named as a defendant for purposes of injunctive and declaratory relief only. The Eleventh Amendment bars suits for monetary damages directly against a state agency in federal court; accordingly, monetary damages under 42 U.S.C. § 1983 are sought exclusively against the individual SAC Defendants named below in their personal capacities.

5. Defendant Edward Kunkle is, and was at all times relevant herein, the Executive Director of the Pennsylvania State Athletic Commission, located at 2525 N. 7th Street, Harrisburg, PA 17110 (email: edkunkle@pa.gov; Office: 717-214-8401). At all relevant times, Kunkle acted under color of state law in his official capacity. He is sued in both his individual capacity (for damages) and his official capacity (for injunctive and declaratory relief). As Executive Director, Kunkle personally responded to Plaintiff's September 23, 2024 hearing request and rather than scheduling the mandatory hearing required by Pennsylvania law, he directed Plaintiff to resolve the matter directly with the promoter who had initiated the suspension proceedings, thereby taking that promoter's side in a private business dispute and depriving Plaintiff of due process.

6. Defendant Martha Brown is, and was at all times relevant herein, an official of the Pennsylvania State Athletic Commission (email: martbrown@pa.gov). Brown was copied on Kunkle's September 27, 2024 response to Plaintiff's hearing request, demonstrating that she had actual knowledge of: (a) Plaintiff's pending request for a mandatory hearing; (b) the Commission's failure to schedule that hearing; and (c) the Commission's directive that Plaintiff resolve the suspension dispute directly with promoter Kauffman. Brown is sued in both her individual capacity (for damages) and her official capacity (for injunctive and declaratory relief).

7. Defendant Reginald R. Peoples Sr. / RWB Sports TV operates a YouTube channel and media platform from 80 Dean Dr, Tenafly, NJ 07670, and published false and defamatory statements about Plaintiff.

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) because Count V arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claims (Counts I, II, III, IV, and VI) pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the federal claims that they form part of the same case or controversy.

9. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and a substantial part of the events and omissions giving rise to the claims occurred in Lehigh County, Pennsylvania, which lies within this district.

## III. FACTUAL ALLEGATIONS

10. Plaintiff is a licensed professional boxer who has competed in boxing events promoted by Defendants in Pennsylvania, including Lehigh County.

11. On or about December 8, 2022, Plaintiff entered into an Exclusive Boxing Promotional Agreement with Defendant Marshall Kauffman and King's Promotions. Under this agreement, Defendants were obligated to pay Plaintiff specified fight purses and commissions from ticket sales.

12. Defendants breached the agreement by: (a) failing to pay Plaintiff the full agreed-upon fight purse; (b) withholding commissions owed to Plaintiff from ticket sales; and (c) failing to disclose full purse amounts or provide itemized financial statements as required by the Pennsylvania Boxing Act, Act 32 of 1992, 5 Pa.C.S. § 1522.

13. Plaintiff formally notified Defendant Kauffman of his breaches of the Exclusive Boxing Promotional Agreement and informed him that Plaintiff did not recognize King's Promotions as his exclusive promoter due to those breaches.

14. Following this dispute, Defendants denied Plaintiff access to boxing venues and events without legitimate justification, thereby interfering with Plaintiff's professional opportunities and ability to earn a living as a professional boxer.

15. Defendant Marshall Kauffman posted false statements on social media claiming Plaintiff was 'scared to fight.' These statements were false and were made with the intent to damage Plaintiff's professional reputation and were published to the boxing community at large.

16. Defendant Marshall Kauffman sent text messages to Plaintiff threatening suspension and demanding payment of money not owed, in an attempt to intimidate and coerce Plaintiff in connection with the business dispute.

17. On September 23, 2024, Plaintiff formally requested a hearing from the Pennsylvania State Athletic Commission regarding the suspension of his boxing license. In his request, Plaintiff specifically cited Section 1303(c) of the Pennsylvania Boxing Act, which requires the Commission to conduct a hearing within ten (10) business days following the preliminary suspension of a license. Plaintiff's September 23, 2024 email was addressed to ra-sac@pa.gov, RA-Prothonotary@pa.gov, RA-st-complaints@pa.gov, and promoter Kauffman, providing all relevant parties with actual notice of the hearing request.

18. On September 27, 2024, just four days after Plaintiff's hearing request, Defendant Edward Kunkle as Executive Director of the SAC responded to Plaintiff via email. Rather than scheduling a hearing as mandated by Pennsylvania law, Kunkle's response: (a) acknowledged receipt of Plaintiff's hearing request; (b) stated that 'the issue in question may be settled between the involved parties without the need for a formal hearing'; and (c) directed Plaintiff to 'reach out to promoter Marshall Kauffman to explore the possibility of resolving this matter directly.' Defendant Martha Brown was copied on this email and thus had actual knowledge of its contents. A true and correct copy of this email correspondence is attached hereto as Exhibit 3A.

19. Kunkle's September 27, 2024 response constitutes direct documentary evidence that: (a) the SAC received Plaintiff's timely hearing request; (b) the SAC through its Executive Director deliberately chose not to schedule the mandatory hearing; (c) the SAC directed Plaintiff to privately resolve the matter with Kauffman, the very party whose complaint had triggered the suspension proceedings; and (d) the SAC thereby took Kauffman's side in what was a private business dispute rather than performing its neutral regulatory function.

20. The SAC never conducted a hearing within the 10-business-day period required by Section 1304(b) of the Pennsylvania Boxing Act. This failure was not the result of administrative

**oversight it was a deliberate decision made and communicated in writing by the SAC's Executive Director, Defendant Kunkle, with the knowledge of Defendant Brown.**

**21. On September 23, 2024, the Pennsylvania Office of General Counsel, Professional Compliance Office, assigned Complaint Case Number 24-00-015261 to Plaintiff's formal complaint against Marshall Kauffman. On September 24, 2024, an Amended Complaint Case Number 24-95-015280 was assigned. True and correct copies of these acknowledgment letters are attached hereto as Exhibits 3B and 3C. These documents confirm that Plaintiff exhausted available administrative channels and placed the relevant state agencies on notice of his claims.**

**22. The SAC mishandled Plaintiff's license suspension and allowed inaccurate and harmful information to remain on Plaintiff's official record, damaging his career and credibility within the boxing community.**

**23. The SAC weaponized its regulatory authority to retaliate against Plaintiff on behalf of Marshall Kauffman, using the suspension process as an improper enforcement mechanism in a private contractual dispute.**

**24. Defendant Reginald R. Peoples Sr., operating RWB Sports TV and closely associated with boxing promoter Marshall Kauffman, published false and defamatory statements about Plaintiff on his YouTube channel, falsely portraying Plaintiff as unprofessional and unwilling to fulfill his boxing obligations.**

**25. Peoples' defamatory statements were made with actual malice or reckless disregard for the truth and were amplified through social media and online platforms to the boxing community.**

**26. The defamatory statements by RWB Sports TV followed Marshall Kauffman's retaliation against Plaintiff, forming part of a coordinated campaign against Plaintiff's reputation.**

**27. Collectively, Defendants' actions have caused Plaintiff substantial economic harm, professional damage, reputational injury, and emotional distress.**

**28. Plaintiff has suffered lost income from unpaid purses and commissions, lost opportunities to compete professionally, and irreparable damage to his standing in the professional boxing community.**

## IV. CAUSES OF ACTION

### COUNT I — BREACH OF CONTRACT
**Against Marshall Kauffman and King's Promotions**

**29. Plaintiff incorporates by reference all preceding paragraphs.**

**30. Plaintiff and Defendants Marshall Kauffman and King's Promotions entered into an Exclusive Boxing Promotional Agreement dated December 8, 2022, as well as subsequent express and/or implied agreements regarding compensation for boxing matches.**

**31. Under these agreements, Defendants were obligated to: (a) pay Plaintiff specified fight purses; (b) pay Plaintiff commissions from ticket sales; and (c) provide Plaintiff with itemized financial statements disclosing full purse amounts as required by 5 Pa.C.S. § 1522.**

**32. Defendants failed to perform each of these obligations, constituting material breach of contract.**

**33. As a direct and proximate result of Defendants' breach, Plaintiff has suffered financial damages in the amount of unpaid purses and commissions, plus prejudgment interest and costs.**

## COUNT II — DEFAMATION / LIBEL

**Against Marshall Kauffman, King's Promotions, and Reginald R. Peoples Sr. / RWB Sports TV**

34. Plaintiff incorporates by reference all preceding paragraphs.

35. Defendant Marshall Kauffman published false statements on social media — including a post stating or implying that Plaintiff was 'scared to fight' — which were false, were understood by the boxing community to refer to Plaintiff, and impugned Plaintiff's professional character and courage as a boxer.

36. Defendant Reginald R. Peoples Sr. / RWB Sports TV published false and disparaging statements about Plaintiff on his YouTube channel, portraying Plaintiff as unprofessional and acting in bad faith with respect to fight commitments.

37. Both Defendants' statements were defamatory per se because they impugned Plaintiff's professional reputation and fitness to engage in his trade and profession as a boxer. Such statements are actionable without proof of special damages.

38. These statements were made with actual malice or reckless disregard for the truth and were published to third parties — including the broader boxing community — through social media and YouTube.

39. As a direct and proximate result of these defamatory statements, Plaintiff has suffered damage to his professional reputation, loss of business opportunities, emotional distress, and harm to his personal and professional relationships.

## COUNT III — TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

**Against Marshall Kauffman, King's Promotions, and Pennsylvania State Athletic Commission**

40. Plaintiff incorporates by reference all preceding paragraphs.

41. Plaintiff had existing and prospective business relationships with boxing promoters, venues, and other parties in the professional boxing industry.

42. Defendants had knowledge of these business relationships.

43. Defendants intentionally and improperly interfered with these relationships by: (a) denying Plaintiff access to venues and events; (b) suspending his license without legitimate cause and without affording mandatory process; and (c) making false public statements about him to the boxing community.

44. Defendants acted with the purpose of harming Plaintiff's professional opportunities, or knew that such harm was substantially certain to result from their conduct.

45. As a direct and proximate result of Defendants' interference, Plaintiff has suffered lost revenue, reputational harm, and diminished professional opportunities.

## COUNT IV — UNFAIR COMPETITION / RESTRAINT OF TRADE

**Against Marshall Kauffman and King's Promotions**

46. Plaintiff incorporates by reference all preceding paragraphs.

47. This Count is brought under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 et seq., and the common law of unfair competition. To the extent Defendants' conduct constitutes a contract, combination, or conspiracy in restraint of trade affecting interstate commerce, Plaintiff also invokes Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.

48. Defendants Marshall Kauffman and King's Promotions exercise substantial control over professional boxing opportunities in the Reading, Allentown, and Bethlehem metropolitan areas.

49. Defendants engaged in coordinated actions including weaponizing the SAC suspension process, orchestrating defamatory media coverage through RWB Sports TV, and excluding Plaintiff from venues that unreasonably restricted competition and restrained trade in professional boxing in Pennsylvania.

50. These actions harmed Plaintiff financially and limited his ability to compete fairly in the marketplace for professional boxing services.

## COUNT V — VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983 AND THE FOURTEENTH AMENDMENT

**Against Edward Kunkle and Martha Brown, Individually and in Their Official Capacities; and Against the Pennsylvania State Athletic Commission (injunctive/declaratory relief only)**

51. Plaintiff incorporates by reference all preceding paragraphs.

52. Defendants Kunkle and Brown, acting under color of state law, deprived Plaintiff of his constitutionally protected property and liberty interests in his professional boxing license without due process of law, in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment. Monetary damages are sought against Kunkle and Brown in their individual capacities. Declaratory and injunctive relief is sought against the SAC and against Kunkle and Brown in their official capacities.

53. Plaintiff has a clearly established property interest in his professional boxing license. See Board of Regents v. Roth, 408 U.S. 564 (1972). He also has a liberty interest in pursuing his chosen profession without arbitrary state interference. See Greene v. McElroy, 360 U.S. 474 (1959).

54. Section 1304(b) of the Pennsylvania Boxing Act mandates that the SAC provide a license holder with a hearing within ten (10) business days of a preliminary suspension. Defendants Kunkle and Brown had actual notice of this mandatory obligation, as Plaintiff expressly cited it in his September 23, 2024 hearing request a request which Kunkle personally received and responded to.

55. Rather than complying with this statutory mandate, Defendant Kunkle — in his official capacity as Executive Director responded on September 27, 2024, explicitly declining to schedule a hearing and instead directing Plaintiff to resolve the suspension dispute directly with promoter Kauffman. Defendant Brown, copied on this communication, had actual knowledge of this deprivation and failed to take corrective action. This conduct is documented in Exhibit 3A.

56. Defendants' deliberate refusal to schedule the mandatory hearing — confirmed in writing by Kunkle himself demonstrates that the deprivation of Plaintiff's due process rights was not inadvertent but was the result of a knowing, intentional decision by SAC officials acting under color of law. Such deliberate disregard of clearly established statutory and constitutional requirements removes any shield of qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800 (1982).

57. Defendants acted arbitrarily, capriciously, and in bad faith by weaponizing regulatory authority to serve the interests of promoter Kauffman in a private contractual dispute, rather than

fulfilling the SAC's neutral regulatory function. Directing Plaintiff to 'reach out to promoter Marshall Kauffman to explore the possibility of resolving this matter directly' — after Kauffman had initiated the suspension proceedings — is facially inconsistent with any legitimate regulatory purpose.

58. Defendants' actions violated Plaintiff's rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983, and deprived Plaintiff of his constitutionally protected property and liberty interests without due process of law.

59. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff has suffered economic harm, reputational damage, loss of professional opportunities, and emotional distress.

## COUNT VI — NEGLIGENCE

Against Pennsylvania State Athletic Commission, Edward Kunkle, and Martha Brown

60. Plaintiff incorporates by reference all preceding paragraphs.

61. The SAC, and Defendants Kunkle and Brown in their individual capacities, owed Plaintiff a duty to follow proper procedures for license suspension, maintain accurate records, conduct timely hearings as required by 5 Pa. Stat. §§ 1300 et seq., and ensure fair and impartial treatment.

62. Defendants breached this duty by: (a) failing to schedule and conduct the mandatory hearing within 10 business days; (b) directing Plaintiff toward the opposing party rather than conducting an impartial proceeding; (c) maintaining false or inaccurate information on Plaintiff's official licensing record; and (d) acting with bias in favor of promoter Kauffman.

63. Defendants' negligent and/or grossly negligent conduct was the direct and proximate cause of harm to Plaintiff's reputation, professional standing, and economic interests.

## V. CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Plaintiff Francis Oran respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendants on all counts.

2. Award Plaintiff compensatory damages for: (a) unpaid fight purses and ticket sale commissions; (b) lost income and business opportunities; (c) reputational harm and injury to professional standing; (d) emotional distress and mental anguish; and (e) all other economic damages proven at trial.

3. Award Plaintiff punitive damages against Defendants Kauffman, Kunkle, and Brown for their willful, malicious, and oppressive conduct in violation of clearly established law.

4. Grant injunctive relief: (a) ordering Defendants to cease making false and defamatory statements about Plaintiff; (b) ordering Defendant SAC to correct false information on Plaintiff's official licensing record; (c) ordering Defendant SAC, Kunkle, and Brown to comply with all

**mandatory hearing and procedural requirements of the Pennsylvania Boxing Act in any future proceedings involving Plaintiff; and (d) preventing Defendants from further anticompetitive, retaliatory, or tortious conduct.**

**5.  Issue a declaratory judgment that: (a) Defendants Kunkle and Brown violated Plaintiff's due process rights under the Fourteenth Amendment; and (b) Plaintiff's boxing license suspension was imposed in violation of 42 U.S.C. § 1983 and 5 Pa. Stat. § 1304(b).**

**6.  Award attorney's fees and costs pursuant to 42 U.S.C. § 1988 on Plaintiff's § 1983 claims.**

**7.  Award prejudgment and postjudgment interest on all monetary awards as permitted by law.**

**8.  Grant any other relief the Court deems just and proper.**

**Plaintiff demands a trial by jury on all issues so triable.**

**Respectfully submitted,**

**Date: February 27, 2026**

*FRANCIS ORAN*

**Francis Oran, Plaintiff, Pro Se**
**511 W Turner St, Allentown, PA 18102**
**Phone: (484) 240-5629**
**Email: Oranfrancis@outlook.com**

## **CERTIFICATE OF SERVICE**

**I certify that on February 27, 2026, I served a true and correct copy of the Amended Complaint, with exhibits, on the following parties by U.S. Mail, email, fax, and/or the Court's Electronic Document System:**

**Marshall Kauffman / King's Promotions**
440 Elm Street, Reading, PA 19601
marshall@kingsboxing.com

**Pennsylvania State Athletic Commission**
**Attn: Edward Kunkle, Executive Director**
**2525 N. 7th Street, Harrisburg, PA 17110**
**edkunkle@pa.gov | ra-sac@pa.gov | Fax: 717-787-7769**

**Martha Brown**
**Pennsylvania State Athletic Commission**
**2525 N. 7th Street, Harrisburg, PA 17110**
**martbrown@pa.gov**

**Bureau of Professional and Occupational Affairs**
2601 North 3rd Street, Harrisburg, PA 17110
RA-BPOA@pa.gov | st-complaints@pa.gov

**Reginald R. Peoples Sr. / RWB Sports TV / RWB Entertainment, Inc.**
80 Dean Dr, Tenafly, NJ 07670

**U.S. District Court, Eastern District of Pennsylvania**
601 Market Street, Room 2609, Philadelphia, PA 19106


**Date: February 27, 2026**


*FRANCIS ORAN*

**Francis Oran, Plaintiff, Pro Se**
511 W Turner St, Allentown, PA 18102
Phone: (484) 240-5629
Email: Oranfrancis@outlook.com

**VERIFICATION**

**I, Francis Oran, verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the statements made in the foregoing Third Amended Complaint are true and correct to the best of my knowledge, information, and belief.**

**Date: February 27, 2026**

*FRANCIS ORAN* (signature)

**Francis Oran, Plaintiff, Pro Se**
**511 W Turner St, Allentown, PA 18102**
**Phone: (484) 240-5629**
**Email: Oranfrancis@outlook.com**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Francis Oran

## DEFENDANTS
Marshall Kauffman; PA SAC; Reginald R. Peoples Sr.

**(b)** County of Residence of First Listed Plaintiff: **Lehigh**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Berks**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Francis Oran, Pro Se, 511 W. Turner St, Allentown, PA 18102, (484) 240-5629

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983; 28 U.S.C. § 1331

Brief description of cause:
Breach of contract, defamation, tortious interference, and due process violations by state athletic commission

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** TBD

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

**DATE:** February 26, 2026

**SIGNATURE OF ATTORNEY OF RECORD:** Francis Oran, Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.