IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS ORAN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 26-CV-1322** |
| | : | |
| MARSHALL KAUFFMAN, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                                **JULY 15, 2026**

*Pro Se* Plaintiff Francis Oran brings this civil action pursuant to 42 U.S.C. § 1983 and state law, arising from his activities as a professional boxer in Pennsylvania.  He also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Oran leave to proceed *in forma pauperis* and dismiss the federal law claims in his Second Amended Complaint[1] with prejudice for failure to state a claim.  The state law claims will be dismissed for lack of jurisdiction so that Oran may pursue them in state court.

I.        **FACTUAL ALLEGATIONS**[2]

---

[1] Oran initiated this action by filing a Complaint (ECF No. 2), followed by two duplicative Amended Complaints (ECF Nos. 3, 4).  On April 2, 2026, Oran filed a Motion to Amend, which the Court granted.  (*See* ECF Nos. 11, 12.)  His Second Amended Complaint (ECF No. 13) is the governing pleading in this case.  *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

[2] The facts set forth in this Memorandum are taken from Oran's Second Amended Complaint (ECF No. 13 ("SAC")).  The Court adopts the pagination assigned to the SAC by the CM/ECF docketing system.

Oran's claims stem from the September 2024 cancellation of a professional boxing contest in which he was scheduled to participate.[3]  At some point that month, the Pennsylvania State Athletic Commission ("PSAC") suspended Oran's boxing license for reasons that are not described in his pleading.  (SAC ¶ 13.)  Oran asserts that the suspension occurred without PSAC providing him "prior notice, a hearing, or sufficient process."  (*Id*.)  Oran submitted a written request for a hearing, and Defendant Edward Kunkle responded by email, stating that the matter "may be settled between the involved parties without the need for a formal hearing."  (*Id*. ¶ 15.) Kunkle directed Oran to resolve the matter by contacting Defendant Marshall Kauffman,[4] with whom Oran notes he was already in litigation regarding a contract dispute.  (*Id*. ¶¶ 7, 12, 15.) Oran states that Martha Brown, a PSAC staff member, "similarly failed to act on [his] hearing request and deferred to the position taken by Kunkle."  (*Id*. ¶ 16.)  Oran alleges he had no opportunity to be heard regarding the suspension and that he received "no suspension notice, documentation or evidence."  (*Id*. ¶ 17.)  Oran asserts that the "suspension and other remarks have remained on [his] professional record without correction, causing ongoing damage to [his] career, reputation, and ability to obtain other professional boxing engagements."  (*Id*. ¶ 18.)

Also in September 2024, Defendant Reginald R. Peoples, Sr.[5] stated on a livestream on the RWB Sports TV YouTube channel that Oran "pretended to be a fighter."  (*Id*. ¶ 20.)  Oran

---

[3] Oran names as Defendants: (1) the Pennsylvania State Athletic Commission ("PSAC"); (2) PSAC Executive Director Edward Kunkle; (3) PSAC employee Martha Brown; (4) Reginald R. Peoples Sr.; (5) RWB Sports TV; (6) RWB Entertainment, Inc.; (7) Marshall Kauffman; and (8) King's Promotions, Inc.  (SAC at 1.)

[4] The SAC describes Kauffman as the owner and operator of King's Promotions, Inc., a business located in Reading, Pa.  (SAC ¶ 7.)

[5] The SAC describes Peoples as the operator of RWB Sports TV and RWB Entertainment, Inc.  (SAC ¶ 6.)  He notes that "RWB Sports TV broadcasts boxing-related content via YouTube at rwbsportstv.com and associated channels."  (*Id*.)

contends that the statement was defamatory because it was broadcast to "a substantial public audience of boxing community members and the general public, and was understood as an assertion of fact impugning [Oran's] professional competence and status as a professional boxer." (*Id.* ¶ 21.)  Oran asserts that the statement was false because he, "is and was a licensed professional boxer with a documented amateur and professional career [who] was at all times a legitimate participant in boxing events." (*Id.* ¶ 22.)  He claims the statement was made "with actual malice or disregard for the truth." (*Id.* ¶ 23.)  As a result of Peeples' statement, Oran alleges he "has suffered damage to his professional reputation, loss of future earning capacity, loss of promotional opportunities, and emotional distress." (*Id.* ¶ 25.)

Finally, Oran alleges that Defendant Kauffman "communicated threats [to him] via text message, including threatening suspension unless [Oran] surrendered money not owed, and publicly posted false statements on social media asserting that [Oran] would not fight at a scheduled event 'for reasons that I am too embarrassed to mention.'" (Id. ¶ 27.)  He contends that Kauffman's actions "induc[ed] or facilitate[ed] . . . PSAC's improper suspension of [Oran's boxing] license" and that Kauffman "ma[de] false public statements, and appl[ied] improper economic pressure constitut[ing] tortious interference with [Oran's] existing and prospective business relations in the professional boxing industry." (*Id.* ¶ 28.)  Oran seeks an order requiring PSAC to "expunge any adverse notation resulting from the unlawful suspension from [Oran's] professional record and conduct any required corrective process," monetary damages, attorney's fees, and costs. [6]  (SAC at 10.)

---

[6] Oran also seeks a declaration that his rights were violated.  Declaratory relief is unavailable to adjudicate past conduct, so Oran's request for this declaratory relief is improper.  *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that

3

## II.    STANDARD OF REVIEW

The Court will grant Oran leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the SAC if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* SAC as true, draw all reasonable inferences in Oran's favor, and ask only whether the SAC contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Oran is proceeding *pro se*, the Court construes his allegations liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when

---

one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").  A declaratory judgment is also not "meant simply to proclaim that one party is liable to another."  *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Furthermore, the Court must dismiss the SAC if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). In assessing the SAC, the

Court is mindful of its obligation to liberally construe a *pro se* litigant's pleadings.  *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### A.    Federal Claims

Oran alleges a violation of his Fourteenth Amendment due process rights based on the suspension of his boxing license without notice or a hearing.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "Section 1983 provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'"  *Halsey v. Pfeiffer,* 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983); *see also Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (explaining § 1983 "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." (quoting *Baker v. McCollan,* 443 U.S. 137, 145 n. 3 (1979))).  To state a claim under § 1983, a plaintiff must demonstrate "that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury."  *Karns v. Shanahan,* 879 F.3d 504, 520 (3d Cir. 2018) (quoting *Elmore,* 399 F.3d at 281); *see also Halsey,* 750 F.3d at 290 ("To state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right ... [and] that the person who has deprived him of that right acted under color of state or territorial law.'" (quoting *Gomez v. Toledo,* 446 U.S. 635, 640 (1980))).

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  To state a claim under § 1983 for a violation of one's procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth

6

Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006).

Oran's Fourteenth Amendment due process claim against Defendants Kunkle and Brown is not plausible because he does not allege the violation of an individual interest encompassed within the protections of the Due Process Clause. "[W]hether a [government-issued] license creates a constitutionally protected property interest is a context-dependent inquiry." *Haymon v. District of Columbia*, 610 F. Supp. 3d 101, 113 (D.D.C. 2022) (citing *Cleveland v. United States*, 531 U.S. 12, 25 n.4 (2000) (noting in *dicta* that "[i]n some contexts, we have held that individuals have constitutionally protected property interest in state-issued licenses essential to pursuing an occupation or livelihood." (citing *Bell v. Burson*, 402 U.S. 535 539 (1977) (holding that suspension of a driver's license implicates a protectible property interest). But the United States Supreme Court has refused to recognize a property interest in a benefit which did not automatically renew and was not guaranteed under state law or administrative policy. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 578 (1972). The United States Court of Appeals for the Third Circuit has likewise recognized a distinction between a professional license that is subject to automatic renewal upon payment of a fee, and one that is subject to "natural expiration" and requires resubmission of a new application, concluding that only the former gives rise to a property interest. *Compare Herz v. Degnan*, 648 F.2d 201, 208 (3d Cir. 1981) (noting that plaintiff "has a constitutionally protected property interest in her license to practice as a psychologist" where "[u]nder the [state] licensing statute the holder of a license is entitled to automatic renewal upon completion of a form and payment of a fee") (citing *Bell*, 402 U.S. 535); with  *Lockhart v. Matthew*, 83 F. App'x 498, 500-01 (3d Cir. 2003) (concluding that an

7

Emergency Medical Technician with 19 years of experience did not have a property interest in his EMT license because it naturally expired every two years.); *see also Germantown Cab Co. v. Philadelphia Parking Auth.*, No. 14-4686, 2015 WL 1954163, at *7 (E.D. Pa. Apr. 30, 2015) (holding that taxi company had no property rights in its license for FY 2015 as a result of its failure to satisfy its FY 2015 filing requirements because its taxi license expired annually).

Under Pennsylvania state law, a professional boxing license naturally expires on December 31 of each year, and an applicant must reapply by submitting a complete application including updated medical documentation.  *See* 5 Pa. Cons. Stat. §§ 911-12; *see also* https://www.pa.gov/services/dos/apply-for-a-license-to-compete-in-or-promote-boxing-or-mixed-mar (setting forth the application requirements for a Pennsylvania boxing license) (last viewed July 10, 2026.).  Because his boxing license was subject to natural expiration rather than automatic renewal, like the EMT license in *Lockhart* and the taxi license in *Germantown Cab*, Oran does not allege entitlement to a property interest subject to the due process protections of the Fourteenth Amendment.  Thus, even if the PSAC failed to provide Oran a hearing as he alleges was required by Pennsylvania statute, this does not plausibly allege a constitutional violation.  *See Hughston v. McGee*, No. 23-1898, 2023 WL 4141040, at *2 (E.D. Pa. June 22, 2023) (noting that "[v]iolations of state law, assuming any such violations occurred here, do not on their own amount to a constitutional violation"); *see also Maple Properties, Inc. v. Twp. of Upper Providence*, 151 F. App'x 174, 179 (3d Cir. 2005) (explaining that "'[a] violation of state law is not a denial of due process of law.'" (quoting *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 468-69 (7th Cir. 1988))).  For these reasons, Oran fails to allege a plausible due process claim against Defendants Kunkle and Brown and those claims will be dismissed.

Oran also contends that the suspension of his boxing license without a hearing violated the Muhammad Ali Boxing Reform Act, 15 U.S.C. §§ 6301-6313. (SAC at 5.) As one federal district court explained the purposes of that statute:

> The Ali Act attempts to prevent a particular exploitive business practice—i.e., actual and/or potential collusion between manager and promoter—by requiring a firewall between the financial interests of manager and promoter. *See* 15 U.S.C. § 6308(b). If the boxer does not receive the promoter's financial disclosures directly, the boxer would thereby lose some of the protection that the Ali Act was intended to provide . . . including preventing the boxer from knowing his market value, being able to negotiate effectively for his purse, and providing greater opportunity for the promoter and manager to collude, to the boxer's detriment, with respect to the finances of a particular fight.

*Main Events Prods., L.L.C. v. Lacy*, 358 F. Supp. 2d 391, 398 (D.N.J. 2004). The Ali Act has provisions governing promoters, contracts, sanctioning organizations, and disclosures to state boxing commissions. 15 U.S.C. § 6301, *et seq.* No provision of the Act relates to suspension of licenses by state boxing commissions and Oran does not cite any authority suggesting otherwise. Accordingly, the Court finds the Ali Act inapplicable to the facts of this case and any claim under the statute is dismissed.

## B.    State Law Claims

Oran also asserts state law claims of (1) defamation against Defendants Peoples, RWB Sports TV, and RWB Entertainment Inc., and (2) tortious interference with business relations against Defendants Kauffman and King's Promotions, Inc. (*See* SAC at 8-9.) Having dismissed Oran's federal law claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over these state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a federal district court jurisdiction

9

over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "complete diversity between all plaintiffs and all defendants," which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Benefit Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  A corporation is a citizen of its state of incorporation and its principal place of business, i.e., its "nerve center."  *Hertz Corp. v. Friend,* 559 U.S. 77, 80-81 (2010).

It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).  Oran has not adequately alleged diversity jurisdiction.  He does not allege the citizenship of the parties.  Rather, he provides only Pennsylvania addresses for himself, PSAC, Edward Kunkle, Martha Brown, Marshall Kauffman, and King's Promotions Inc., which suggests that at least some of these parties are Pennsylvania citizens, defeating complete diversity.  Accordingly, Oran has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

IV.    **CONCLUSION**

For these reasons, the SAC will be dismissed on statutory screening because Oran's claims under § 1983 and the Ali Act are not plausible and there is no jurisdiction over any state law claim.  The Court concludes that any attempt at amendment of the federal law claims would be futile.  Accordingly, those claims will be dismissed with prejudice.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that district courts should dismiss complaints on statutory screening with leave to amend "unless amendment would be inequitable or futile."). Oran's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**

11